OPINION
{¶ 1} The defendant-appellant, Floyd Houk ("Houk"), appeals the Judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio and filed on June 30, 2006.
 {¶ 2} On January 7, 2006, Houk trespassed in the Goodwill Store located at 7430 Timberstone Drive, Findlay, Hancock County, Ohio, an unoccupied structure with the purpose to commit a theft offense, pursuant to R.C. 2913.01. He also possessed a pry bar, flashlight and gloves with the purpose to use them criminally in breaking and entering, pursuant to R.C. 2911.13. On January 10, 2006, Houk was indicted by the Hancock County Grand Jury on one count of breaking and entering and one count of possession of criminal tools, both fifth degree felonies. On March 20, 2006, he entered a plea of guilty to both counts, with the understanding that the State would not make a sentencing recommendation to the trial court.
 {¶ 3} On May 3, 2006, Houk made an oral motion to withdraw his previous guilty pleas. The trial court requested a written motion with supporting information regarding Houk's request, and scheduled a hearing on the matter. On May 31, 2006, Houk withdrew his motion to withdraw his guilty pleas, and agreed to plead guilty with the understanding that the State would recommend a total sentence of eighteen months imprisonment for both counts contained in the *Page 3 
indictment. The trial court agreed to sentence Houk the following morning, in order to allow Houk to make arrangements for his belongings to be stored during his imprisonment. The State's recommendation of eighteen months was made contingent upon Houk's returning the following morning for resentencing. Houk was not present in court the following morning.
 {¶ 4} On June 26, 2006, Houk was present in court and was sentenced to twelve months of imprisonment on each count contained in the indictment, to be served consecutively. Therefore, Houk received a total sentence of twenty-four months imprisonment, the maximum sentence for two fifth-degree felonies. During the sentencing hearing, the trial court noted that it was no longer required to make specific findings under the law regarding sentencing.
 {¶ 5} On July 14, 2006, Houk filed a notice of appeal raising the following assignment of error:
 The trial court denied Mr. Houk due process of law, by sentencing him to maximum and consecutive terms of imprisonment, in violation of the Ex Post Facto Clause. (sic) Fifth and Fourteenth Amendments, and Article I, Section X of the United States Constitution.
 {¶ 6} Houk's sole assignment of error poses an issue concerning his felony sentencing. He alleges that the trial court erred by imposing a maximum sentence on him in violation of the Due Process and Ex Post Facto Clauses. Specifically, he argues that he is entitled to the presumptions of non-maximum and concurrent *Page 4 
sentences which were in place at the time of the conduct for which he was convicted.
 {¶ 7} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 8} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Houk to a two year prison term. Houk plead guilty to two fifth-degree felonies.
 {¶ 9} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following: *Page 5 
 * * *
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
Houk could have been sentenced to as little as one year or as much as two years for the counts that he pled guilty to. In this case, Houk was sentenced to two years.
 {¶ 10} In addition, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United State Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442,166 L.Ed.2d 314.
 {¶ 11} Furthermore, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Ex Post Facto and Due Process Clauses. Houk entered a plea of guilty on March 20, 2006 following the Supreme Court of Ohio's decision in Foster on February 27, 2006. He understood the sentencing range for the felonies he pled guilty to and was sentenced within the sentencing range. In addition, the sentencing range for his felonies has remained unchanged, so he had notice of the potential sentence for his offenses.
 {¶ 12} Accordingly, we find Houk's sole assignment of error is overruled and the Judgment of conviction and sentence entered in the Common Pleas Court *Page 6 
of Hancock County, Ohio filed on June 30, 2006 sentencing him to two years in prison is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1